UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSE SERRANO, ESTEBAN ORTIZ-GARCIA, and JAMIE CORTEZ,

    Plaintiffs,

v.

MARSHAL SUNSHINE, INC, a foreign business corporation, HAPREET MINHAS, individually; MANJIT SINGH, individually; and KEWAL SINGH, individually,

    Defendants.

Civ. No. 6:13-cv-1977-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiffs filed suit against their former employer, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq, and several claims under Oregon state law. Defendants now move to dismiss plaintiffs' Complaint for lack of subject matter

1   - OPINION AND ORDER

jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The motion to dismiss is DENIED.

## BACKGROUND

Plaintiffs are three former employees of defendant Marshal Sunshine, Inc., a business providing truck-washing services and convenience store items for sale to semi-truck drivers along Interstate 5. Plaintiffs worked as attendants washing semi-trucks. Minhas Dep. 10:12-21, 42:5-8.

Marshal Sunshine is owned by Harpreet Minhas and Manjit Singh, two individually named defendants. Kewel Singh, Marshal Sunshine's manager, is also a defendant. The company is located near two truck stops and derives its business primarily from semi-trucks passing by on the interstate. Minhas Dep. 11:1-19. The company also provides washing service to cars and recreational vehicles. Minhas Dep. 10:24-25. Marshal Sunshine also operates a convenience store offering various truck parts and accessories for sale. Minhas Dep. 28:2-15. Mr. Minhas also owns a trucking company called Happy Trucking, LLC, which operates seven semi-trucks that are washed for free at Marshal Sunshine. Minhas Dep. 26:1-9, 27:3-5.

On November 7, 2013, plaintiffs filed suit against Marshal Sunshine and its owners, alleging violations of the FLSA, as well as several claims alleging violations of Oregon wage and hour laws and battery. Plaintiffs allege that defendants failed to compensate them for every hour worked and for overtime hours worked. See

2   - OPINION AND ORDER

Compl. at 9-10. Furthermore, plaintiff Jose Serrano alleges that he was terminated by defendants after he sought legal advice regarding these issues. Compl. at 5. Plaintiff Esteban Ortiz-Garcia alleges that he was terminated after the manager of Marshal Sunshine, Kewal Singh, struck his head and Mr. Ortiz-Garcia filed a worker's compensation claim in response. Compl. at 8.

On December 9, 2014, defendants filed a motion to dismiss for lack of subject matter jurisdiction under the FLSA.

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action if subject matter jurisdiction is lacking. A motion to dismiss under Rule 12(b)(1) may attack either the allegations of the complaint or the "existence of subject matter jurisdiction in fact." Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). Here, defendants attack the existence of subject matter in fact.

The party seeking to invoke the district court's jurisdiction bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. Of America, 511 U.S. 375, 377 (1994). Thus, it is plaintiff's burden to prove subject matter jurisdiction under the FLSA.

## DISCUSSION

The FLSA's wage and hour requirements apply to both: 1) employees "engaged in commerce" or "in the production of goods in

3    - OPINION AND ORDER

commerce," and 2) employees of "enterprises engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). A business qualifies as an "enterprise" if it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and it has gross annual sales or business done, of $500,000 or greater. 29 U.S.C. § 203(s)(1). "Commerce" is defined in the FLSA as interstate commerce. Id. at § 203(b).

Defendants argue that Marshal Sunshine is not subject to the FLSA and therefore, the district court lacks federal question jurisdiction under 28 U.S.C. § 1331. They assert that Marshal Sunshine is not an enterprise engaged in interstate commerce and that, furthermore, it does not meet the minimum annual business requirement of $500,000. To support their arguments, defendants rely on the unsworn declaration of Mr. Minhas, without documentary evidence to support his assertions.

Plaintiffs respond that Marshal Sunshine and its employees engage in interstate commerce, and that the business meets the annual sales requirement as part of a "trucking enterprise" along with Happy Trucking. Furthermore, plaintiffs argue that defendants' motion to dismiss should be denied because the jurisdictional question is intertwined with the merits of the case. I agree.

Whether Marshal Sunshine meets the definitional requirements

4   - OPINION AND ORDER

of a covered employer or enterprise under the FLSA speaks directly to the merits of plaintiffs' claims. The Eleventh Circuit has held that the substantive sections affording relief under the FLSA are "intertwined with and dependent on" the definitional requirements, and thus, the question of covered enterprises was intertwined with the merits of the claim. Turcios v. Delicias Hispanas Corp., 275 Fed.Appx. 879, 881-82 (11th Cir. 2008). I agree that where the jurisdictional issue is so intertwined with the substantive issues, dismissal on jurisdictional grounds is inappropriate, as resolution of the factual issues should be determined on summary judgment or a trial. Young v. United States, 769 F.3d 1047, 1052 (2014) (citing Augustine v. U.S., 704 F.2d 1074, 1077 (9th Cir. 1983)).

The FLSA's requirement that an enterprise gross more than $500,000 is not a jurisdictional bar, but rather, a definitional requirement. See Diaz v. Ming & Kent, Inc., 2010 WL 890040 at *2 (N.D. Cal. March 8, 2010)(denying a 12(b)(1) motion to dismiss where defendants argued that the district court lacked jurisdiction under the FLSA where the enterprise grossed less than the annual threshold). Diaz relied on the reasoning in Arbaugh v. Y & H Corp., where the Supreme Court considered the definition of "employer" under Title VII and found that the numerosity requirement of "employer" was not a jurisdictional limitation, but rather was relevant to the merits of the claim. Id. (citing Arbaugh, 546 U.S. 500, 507-08, 516 (2006)). In Arbaugh, the Court explained:

> If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue . . . But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

Arbaugh, 546 U.S. at 515-16. Likewise, the district court in Diaz found that "there is no indication that Congress intended for the 'employee' or 'enterprise' engaged in commerce provisions to be jurisdictional"; thus, allegations that the defendants there did not gross more than $500,000 did not impose a limit on subject matter jurisdiction. Diaz, 2010 WL 890040 at *2.

I agree and find it was not Congress' intention for FLSA requirements to impose jurisdictional limitations, but rather that these requirements are relevant to the merits of plaintiffs' claims. Construing plaintiffs' allegations as true, plaintiffs have made out a facially plausible claim for relief under the FLSA, over which this court has jurisdiction. Whether defendants engaged in interstate commerce or do $500,000 of business or sales should be resolved after further discovery and potentially, a proper motion for summary judgment.[1] These are defenses to FLSA liability and do not bar this court from hearing this case.

To dismiss this action for lack of subject matter jurisdiction at this stage would be inappropriate where the questions of

---

[1] The issue of how much Marshal Sunshine grossed cannot be resolved simply by the owner's declaration without further supporting documents. See Fed. R. Civ. Pro. 56(c).

enterprise and interstate commerce are intertwined with the merits of plaintiffs' claims. Therefore, defendants' motion to dismiss under Rule 12(b)(1) is denied.

## CONCLUSION

Defendants' Motion to Dismiss the Complaint (doc. 24) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of March, 2015.

*Ann Aiken*
Ann Aiken
United States District Judge

7    - OPINION AND ORDER